UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:19-CV-279-RLM-MGG |

OPINION AND ORDER

Adam Williams, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing in case MCF 18-09-382, in which a hearing officer found him guilty of unauthorized use or possession of a cellular telephone in violation of Indiana Department of Correction policy A-121. Mr. Williams was sanctioned with the loss of 90 days earned credit time and a one-step demotion in credit class. The Warden has filed the administrative record and Mr. Williams filed a traverse, so the case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-567 (1974). To satisfy

due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Sergeant E. Corner issued a conduct report charging Mr. Williams with violating offense A-121, which prohibits the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.   The conduct report states:

> On 9-18-18 at approximately 9:57 p.m. I, Sergeant E. Corner was on the 3/4 side of DHU. I contacted the pod via radio to open D-341/342. Upon the door being opened, Offender Williams, Adam #956644 ran up to the toilet and threw a black flip phone into the toilet. Offender Williams was attempting to flush the toilet. In an attempt to stop Offender Williams intended action, I placed Offender Williams in a front choke hold and placed him on the ground. As I was placing Offender Williams on the ground he was able to reach up and flush the toilet. I then witnessed the phone go down the toilet. I then placed mechanical restraints on Offender Williams right wrist and brought both arms to his back. I then placed the left wrist in mechanical restraints. Offender Williams was then escorted to RHU.

(ECF 7-1 at 1.)

Mr. Williams was notified of the charge when he was served with the conduct and screening reports. He asked for the assistance of a lay advocate and one was provided for him. Mr. Williams didn't ask for any witnesses, but he requested physical evidence, including an evidence card, photos of the phone, and the digital video recording to show that the prison officer neither touched him nor pulled anything out of his cell. His request for the evidence card and photos of the phone were denied because they did not exist; he had flushed the phone down the toilet. The hearing officer also denied Mr. Williams's request to view the DVR on the ground that letting him do so would jeopardize prison facility's safety and security.

The hearing officer reviewed the DVR of the incident and provided the following summary:

> On October 19, 2018 I (Sergeant D. Dice) reviewed the DVR of DHU 3/4 side cell 341/342 on September 18, 2018 starting at 9:57 pm by the request of Offender Williams, Adam #956644 in regards to case number MCF-18-09-0382.

> Upon the review of the DVR of DHU 3/4 side cell 341/342, due to there not being a camera in the cell there is no video evidence of this incident. However DVR does show staff arriving on the unit and responding to cell 341/342 and Offender Adams being escorted out of the cell in restraints.

(ECF 7-5 at 1.)

At Mr. Williams's hearing, the hearing officer noted that Mr. Williams pleaded not guilty to the offense. Sergeant Workman also provided a statement to the hearing officer:

> On 09/18/2018 at 10:02 PM I, Sergeant Z. Workman responded to a Signal 10 on the ¾ side of DHU. While escorting Offender Williams, Adam DOC 956644 D342 to RHU, we had a conversation. Offender Williams asked why he was going to RHU. I informed him he was going to RHU for flushing a cell phone. He responded "that won't stick where is the evidence." I informed Offender Williams we would remove it from the pipework in the pipechase. He responded with "I've done maintenance, they won't find that phone."

(ECF 7-8 at 1.) Based on staff reports, the hearing officer found Mr. Williams guilty of offense A-121.

Mr. Williams presents three grounds of entitlement to habeas corpus relief. In his first ground, he argues there was insufficient evidence to find him guilty. A conduct report alone can be enough evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. In the conduct report, Sergeant Corner explained that when he entered cell D-341/342, Mr. Williams ran to the toilet and threw a black flip phone into it. While Mr. Williams was trying to flush the toilet, Sergeant Corner applied a front choke hold and held him on the ground. As Sergeant Corner was placing Mr. Williams on the ground, Mr. Williams was "able to reach up and flush the toilet," and Sergeant Corner "witnessed" the phone go down the toilet. (Id.) He placed mechanical restraints on Mr. Williams's

4

wrists and escorted him to the restrictive housing unit. In light of Sergeant Corner's conduct report, there was more than "some evidence" for the hearing officer to find Mr. Williams guilty of violating offense A-121.

Mr. Williams argues there was insufficient evidence for the hearing officer to find him guilty because there was no physical evidence to support the charge. Mr. Williams argues that while Sergeant Corner reported seeing him throw a phone into the toilet and flush it down the toilet, no steps were taken to recover the phone even though Sergeant Workman told him that the phone would be removed from the pipe chase. Mr. Williams asserts that prison officers could have turned off the water in the prison, opened up the plumbing system, and attempted to find the phone in the prison's sewage treatment system to corroborate Sergeant Corner's conduct report. Mr. Williams claims that if an attempt had been made to secure the phone, he would have been exonerated of the offense because he, in fact, flushed something else down the toilet—a night light attached to a homemade tattoo machine.

Mr. Williams is asking the court to reweigh the evidence: he asks the court to overturn the hearing officer's decision because there was no physical evidence to show he had a phone and he, in fact, flushed a night light attached to a homemade tattoo machine down the toilet rather than a phone. A court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." McPherson v. McBride, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision has some factual basis. *Id*. Because the hearing officer appropriately considered the

5

evidence in this case, there was no violation of Mr. Williams's due process rights. Supt. v. Hill, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board"); Culbert v. Young, 834 F.2d 624, 631 (7th Cir. 1987) ("nothing more is constitutionally required where the only issue presented at the hearing involved an assessment of the relative credibility of the conduct report and the plaintiff's account of the incident."). Because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, this ground does not identify a basis for granting habeas corpus relief.

In the second ground of his petition, Mr. Williams asserts his due process rights were violated because Sergeant Corner failed to follow Department of Correction policy when he entered his cell alone and without backup. He says that if Sergeant Corner had followed department policy on cell shakedowns, there would have been additional eyewitness testimony to corroborate Sergeant Corner's conduct report. Thus, he claims that if the policy had been followed, it "could have supported [his] claim that it was not a cellphone that was flushed [down the toilet], it was a night light attached to a homemade tattoo machine." Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow department policy isn't a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due

6

process"). Mr. Williams's claim about violations of prison policy can't be remedied in a habeas corpus petition.

Mr. Williams's third ground, while vague, appears to assert that his due process rights were violated because he was denied the right to a fair hearing. He seems to claim that the hearing officer was biased because she never received specialized training in her role as a hearing officer as required by department policy. As just discussed, a prison official's failure to follow policy doesn't amount to a constitutional violation.

Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* Due process isn't violated simply because the hearing officer knew the inmate, presided over an earlier disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Mr. Williams hasn't alleged that the hearing officer was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. Piggie v. Cotton, 342 F.3d at 666. Because Mr. Williams hasn't shown that the hearing officer was, in some way, biased against him, he hasn't established that his due process rights were violated. This third ground doesn't state a basis for granting habeas corpus relief.

Mr. Williams wouldn't need a certificate of appealability to appeal this order because he is challenging a prison disciplinary proceeding. *See* Evans v.

Circuit Court, 569 F. 3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because an appeal in this case couldn't be taken in good faith. 28 U.S.C. § 1915(a)(3).

For these reasons, the court DENIES Adam Williams's petition for writ of habeas corpus (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED on July 7, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT